# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE

THE LUCKY PENNY COLLECTABLES, LLC

CASE NO.: 6:24-bk-00574-TPG
CHAPTER 11

*Subchapter V Election*

*Emergency Hearing Requested on February 15 or 16, 2024*

**Debtor**
_____/

# EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND REQUEST FOR EMERGENCY PRELIMINARY HEARING
(*Re: Fee Service, LLC and Creditors Retaining Inferior Interests*)

**THE LUCKY PENNY COLLECTABLES, LLC.,** ("**Lucky Penny**" or "**Debtor**") by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 363(c)(2) and 363(e), Federal Rules of Bankruptcy Procedure 4001(b)(2) and 4001(c), and Local Rule 2081-1(g)(1), hereby moves for authority to use cash collateral on an interim basis and to provide adequate protection to **Fee Service, LLC** ("**Fee Service**")[1] which entity (or the creditor Fee Service is acting on behalf of) may hold or assert a security interest in the Debtor's cash and/or cash equivalents, and to the extent necessary, the holders of inferior position security interests in the Debtor's cash, accounts and cash equivalents (the "**Inferior Interests**" and collectively with Fee Service the "**Secured Creditors**"), and requests an emergency hearing on the relief sought. In support of this motion, Debtor states as follows:

---

[1] Debtor's inclusion or reference to any creditors in this Motion is in no way an admission that such creditor has a properly perfected security interest in the Debtors' property or allowed claim. Debtor specifically reserves its right to contest the validity of any alleged claim or security interest held by a creditor in this case. In fact, Debtor files this motion in an abundance of caution as it does not appear as though any secured creditor identified herein has a lien on Debtor's cash or cash equivalents.

## Summary of Relief Requested

1. ***Emergency Relief Requested***. Debtor requests that the Court authorize its continued use of cash collateral notwithstanding any liens of the Secured Creditors (as defined herein) as of the Petition Date. Debtor requests authority to use cash to fund ordinary business operations and necessary expenses in accordance with a cash budget attached hereto as **Exhibit "A"**.

2. ***Basis for Urgency***. This motion must be considered on an emergency basis as the Debtor's business operations and reorganization efforts will suffer immediate and irreparable harm if it is not permitted to use cash collateral. To stay in business and maximize the value of its bankruptcy estate, Debtor must be able to pay employees, and other ordinary expenses, which expenses include office expenses, and trade vendor invoices, which are necessary to its continued operations.

3. ***Notice***. This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email (if known), fax, and overnight mail, (iii) the 20 largest creditors, the Secured Creditors via email (if known), via fax (if known), or via FedEx Overnight Mail. Prior to any hearing on the instant motion, undersigned counsel for the Debtor will attempt to confer with the Office of the United States Trustee and the Secured Creditors regarding the relief requested herein.

4. ***Suggested Hearing Date***. Debtors request a hearing date **on Thursday or Friday, February 15 or 16, 2024.** The date is requested because the Debtor is in constant need to pay their operating expenses to ensure its respective businesses generate the maximum amount of potential revenue, including payroll which is due to be paid on February 16, 2024.

5. ***Supporting Argument***. Debtors supports this motion as set forth below.

## Background

6. On February 6, 2024 (the "Petition Date"), Debtor filed its voluntary petition for

relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") and elected to pursue relief under the provisions of Subchapter V. Debtor continues to manage and operate its business as a debtor-in-possession in accordance with the Bankruptcy Code.

7. As more particularly set forth in the Debtor's Case Management Summary, the Debtor is a Colorado limited liability company organized in 2014 by Gabriele Frontini, who currently serves as the Debtor's managing member. Lucky Penny operates online retails stores on Amazon an Ebay which specialize in the sale of Disney and Universal Studios branded items.

8. Prior to the Petition Date, Debtor obtained financing from the Secured Creditors which loans may be secured by substantially all of the accounts and receivables of Lucky Penny, including cash and cash equivalents. Fee Service (or such party Fee Service is acting on behalf of) may assert a first priority security interest in the Debtor's cash and cash equivalents by virtue of a UCC-1 Financing Statement filed with the State of Florida on March 1, 2021.

9. The Inferior Interests may also claim an inferior interest in the Debtor's cash and cash equivalents by virtue of alleged liens on the Debtor's personal property. Debtor believes the Inferior Interests may be wholly unsecured due to the outstanding amounts owed to the senior secured lender with a superior interest in the Debtor's property, or due to disputes over the basis for such creditors' respective alleged security interests. A list of those parties purportedly holding inferior interests in the Debtor's cash and cash equivalents are listed in **Exhibit "B"** attached hereto.

10. The cash collateral Debtor seeks to use is comprised of cash on hand and funds to be received during normal operations which may be encumbered by the liens of the Secured Creditors (the "**Cash Collateral**"). The Secured Creditors may assert an interest in the Cash Collateral by virtue of their respective security interests.

11. On an emergency basis, the Debtor will require an amount to use of at least $65,387.60 to pay its operating expenses over the next eight weeks.

**Relief Requested**

12. Debtor will require the use of its Cash Collateral to continue to operate its business for the next eight weeks, and, depending on the month, a greater or lesser amount will be required each comparable period thereafter. Debtor will use the Cash Collateral to make payroll, pay suppliers and vendors, and pay other ordinary course expenses to maintain its business, which may be subject to the liens of the Secured Creditors.

13. A Budget reflecting the estimated income and expenses for the Debtor's business over the next eight (8) weeks is attached hereto as **Exhibit "A"**.

14. As adequate protection for the use of Cash Collateral, Debtor proposes to grant the Secured Creditors a replacement lien on its post-petition Cash Collateral to the same extent, priority and validity as their pre-petition liens, to the extent its use of Cash Collateral results in a decrease in the value of the Secured Creditors' interest in the Cash Collateral. As demonstrated by the Budget, Debtor will continue to operate on a positive cash flow basis during the interim eight-week period. As such, all interests on Cash Collateral are adequately protected by replacement liens and the proposed adequate protection is fair and reasonable and sufficient to satisfy any diminution in value of the Secured Creditors' prepetition collateral.

15. In the event Lucky Penny is not permitted to use Cash Collateral, it may be forced to halt operations altogether, creating an adverse effect on creditors, and will likely eliminate the total value of assets pledged as collateral. Thus, Debtor believes the protections outlined herein are fair and reasonable under the circumstances and will be sufficient to protect the interests of the Secured Creditors' collateral from a diminution in value during the period of use by the Debtor. Accordingly, under the circumstances of this Chapter 11 case, granting the relief requested in the Motion is warranted.

16. A copy of the proposed order authorizing use of Cash Collateral is attached hereto as **Exhibit "C"**.

17.     As of the date of this Motion, Debtor's undersigned counsel has been unable to confer with counsel for Fee Service regarding the relief requested but shall endeavor to obtain Fee Service's consent to such relief prior to any hearing on the Motion. In addition, Debtor's undersigned counsel will endeavor to confer with the Office of the United States Trustee regarding the relief requested herein.

**WHEREFORE**, Debtor respectfully requests the Court: (i) set an emergency preliminary hearing to consider this Motion on February 16, 2024, (ii) grant the Debtor permission to use the Cash Collateral notwithstanding any liens on its cash or cash equivalents on an interim basis as of the Petition Date; and (iii) approve of the form and manner of providing adequate protection to the Secured Creditors during the interim period; and (iv) grant such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 9th day of February 2024.

/s/ Daniel A. Velasquez
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lathamluna.com
**Latham, Luna, Eden & Beaudine, LLP**
201 S. Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile:  407-481-5801
*Attorney for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

**IN RE**

**THE LUCKY PENNY COLLECTABLES, LLC**

**CASE NO.: 6:24-bk-00574-TPG**
**CHAPTER 11**

*Subchapter V Election*

**Debtor**

_____/

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true copy of the **EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND REQUEST FOR EMERGENCY PRELIMINARY HEARING**, together with all exhibits, to **The Lucky Penny Collectables, LLC,** 4971 Royal Point Avenue, Kissimmee, Florida 34746; **FEE SERVICE LLC,** W 35th Street, 10th Floor, New York, New York 10001 (Via FedEx Overnight and Certified Mail); **CHTD Company,** P.O. Box 2576, Springfield, IL 62701 (Via FedEx Overnight and Certified Mail); **CT Corporation System**, as Representative, 330 N. Brand Blvd, Suite 700, Attn: SPRS, Glendale, CA 91203 (Via FedEx Overnight and Certified Mail); **CSC**, P.O. Box 2576, Springfield, IL 62708 (Via FedEx Overnight and Certified Mail); **Alternative Funding Group Corp.**, 2941 NW 62nd St,, Ste. 201, Fort Lauderdale, FL 33309; (Via FedEx Overnight and Certified Mail); the parties entitled to receive CM/ECF; the twenty largest unsecured creditors as shown on the matrix attached to the original of this pleading filed with the Court; and the U.S. Trustee c/o Bryan E. Buenaventura, Esq., 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, this 9th day of February, 2024.

                                /s/ Daniel A. Velasquez
                                Daniel A. Velasquez, Esq.

**EXHIBIT "A"**

| **The Lucky Penny Collectables, LLC** | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Cash Requirements | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| **Week of** | 2/5/2024 | 2/12/2024 | 2/19/2024 | 2/26/2024 | 3/4/2024 | 3/11/2024 | 3/18/024 | 3/25/2024 |
| **INCOME** | | | | | | | | |
| Beginning Cash | $ 3,300.00 | $ 1,850.00 | $ 83.68 | $ 333.68 | $ 206.20 | $ 456.20 | $ 328.72 | $ 78.20 |
| Sales ebay and mercari | $ 3,300.00 | $ 3,300.00 | $ 3,000.00 | $ 3,000.00 | $ 3,000.00 | $ 3,000.00 | $ 3,000.00 | $ 3,000.00 |
| Walmart | | $ 6,500.00 | | $ 6,500.00 | | $ 6,500.00 | | $ 15,000.00 |
| Amazon if they unlock it | | | $ 2,000.00 | | $ 2,000.00 | | $ 2,000.00 | |
| Paypal if they unlock it | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | | |
| Total Cash Available | $ 7,100.00 | $ 12,150.00 | $ 5,583.68 | $ 10,333.68 | $ 5,706.20 | $ 10,456.20 | $ 5,328.72 | $ 18,078.20 |
| | | | | | | | | |
| **EXPENSES** | | | | | | | | |
| Payroll | | $ 4,877.48 | | $ 4,877.48 | | $ 4,877.48 | | $ 4,877.48 |
| Merchandise | $ 4,250.00 | $ 4,250.00 | $ 4,250.00 | $ 4,250.00 | $ 4,250.00 | $ 4,250.00 | $ 4,250.00 | $ 4,250.00 |
| Postage | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| IRS | | $ 1,938.84 | | | | | | $ 1,938.84 |
| | | | | | | | | |
| **TOTAL EXPENSES** | $ 5,250.00 | $ 12,066.32 | $ 5,250.00 | $ 10,127.48 | $ 5,250.00 | $ 10,127.48 | $ 5,250.00 | $ 12,066.32 |
| | | | | | | | | |
| NET INCOME | $ 1,850.00 | $ 83.68 | $ 333.68 | $ 206.20 | $ 456.20 | $ 328.72 | $ 78.72 | $ 6,011.88 |
| | | | | | | | | |
| **BALANCE AT THE END OF THE WEEK** | $ 1,850.00 | $ 83.68 | $ 333.68 | $ 206.20 | $ 456.20 | $ 328.72 | $ 78.20 | $ 6,011.88 |

**Exhibit "B"**

**Inferior Interests**

|  | UCC-1 Filing # |
|---|---|
|  | ███████████████ |
|  |  |
| Fee Services, LLC | 202106316142 |
| CHTD Company | 202107973766 |
| CT Corporation System | 2022025300140 |
| CT Corporation System | 202202589795 |
| CT Corporation System | 20220259601X |
| CT Corporation System | 202202680584 |
| Alternative Funding Group | 202302508231 |

**EXHIBIT "C"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

**IN RE**

**THE LUCKY PENNY COLLECTABLES, LLC**

**CASE NO.: 6:24-bk-00574-TPG**
**CHAPTER 11**

*Subchapter V Election*

**Debtor**
_____/

**FIRST INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**
**[Continued Hearing:  ]**

**THIS CASE** came on for emergency preliminary hearing on_____, 2024 (the "Hearing") upon the *Emergency Motion to Use Cash Collateral*, filed by The :Lucky Penny Collectables, LLC (the "Debtor") on February __, 2024 (Doc. No. _____) (the "Motion").   Upon consideration of the Motion, the evidence presented, the arguments of counsel present at the Hearing, it is

**ORDERED:**

1. <u>Interim Authorization Granted</u>. The Motion is granted on an interim basis as provided herein.

2. <u>Cash Collateral Authorization</u>.   Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court, including payments to the Subchapter V Trustee; (b) the current and necessary expenses set forth in the budget attached as **Exhibit A** attached to the Motion**,** plus an amount not to exceed ten (10)

percent for each line item; and (c) such additional amounts as may be expressly approved in writing by Fee Service.  This authorization will continue through_____, however, the parties may jointly agree to extend the authorization by submitting an agreed order reflecting such extension. Except as authorized in this order, the Debtor is prohibited from the use of cash collateral.

3. <u>Debtor Obligations</u>.  The Debtor shall timely perform all obligations of a debtor in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4. <u>Replacement Lien</u>. Secured Creditors shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any documents as may otherwise be required under applicable non-bankruptcy law.

5. <u>Insurance</u>.  The Debtor shall maintain insurance coverage for its property in accordance with the obligations under all applicable loan and security documents.

6. <u>Without Prejudice</u>.  This Order is without prejudice to: (a) any subsequent request by a party-in-interest for modified adequate protection or restrictions on use of Cash Collateral; or (b) any other right or remedy which may be available.

7. <u>Enforcement</u>.  The Court shall retain jurisdiction to enforce the terms of this Order.

Attorney Daniel A. Velasquez is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.